UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUFFLER MAN SUPPLY CO, INC. et al.,

    Plaintiffs,

v.

TSE AUTO SERVICE, INC. et al.,

    Defendants.
_____/

Case No. 2:24-cv-11706

Honorable Susan K. DeClercq
United States District Judge

# OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SERVE TEMPORARY RESTRAINING ORDER ON DEFENDANTS BY ALTERNATE METHOD

On July 3, 2024, Plaintiffs were granted an *ex parte* temporary restraining order against Defendants TSE Auto Service and Timothy English, and Plaintiffs were directed to serve it on Defendants on or before July 5, 2024. ECF No. 8 at PageID.169.

Plaintiffs have attempted the following methods to serve the TRO:

1. *July 3*: Plaintiffs emailed a copy of the TRO to two attorneys who had represented Defendants in related prelitigation matters. ECF No. 9 at PageID.171.
2. *July 5 from 9:00–10:00 AM ET*: A process server attempted to serve the TRO at English's residence and TSE's new location. The business was closed, and the house appeared vacant. A neighbor[1] reported not seeing English for a couple days. *Id.* at PageID.172.

---

[1] The neighbor is related to English and might be helping him to avoid service. ECF No. 10 at PageID.177.

3. *July 5 afternoon*: Another process server tried again at TSE's new location and English's residence. The business was still closed, and English was not home. The server posted the TRO on the business door and left the papers at English's residence. *Id.* at PageID.173.
4. *July 5 at 6:30 PM ET*: The first process server attempted service again at English's residence, but English was not home. ECF No. 10 at PageID.176.
5. *July 8*: The first process server again attempted service again at TSE's business and English's residence. *Id.*
6. *July 9 morning*: The first process server knocked on English's door for nearly 15 minutes without answer, but heard a dog being restrained inside and suspected he was "being ignored." ECF No. 10-1 at PageID.181.

Plaintiffs say that Defendants are aware of the TRO and the proceedings, as Defendants terminated their Facebook page, did not open for business on July 8, and posted a sign stating closure due to a court order. ECF No. 10 at PageID.176, 178. Plaintiffs claim Defendants are "actively avoiding service." *Id.* at PageID.178.

For those reasons, Plaintiffs seek leave to serve Defendants by "tacking or firmly affixing a copy of all pleadings in this matter to English's residence, and whatever other means that the Court deems appropriate." *Id.* at PageID.178.

"In a federal proceeding, an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Moseley v. Regency Transp.*, 525 F. Supp. 3d 823, 825 (E.D. Mich. 2021) (quoting FED. R. CIV. P. 4(e)(1)). In Michigan, a resident or nonresident person may be served by:

(1) delivering a summons and a copy of the copy to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

If "service of process cannot reasonably be made as provided by [these rules]," then the court may permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceeding and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). Such service includes email, publication, or posting the summons and complaint on the door of defendant's address. *See Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 5:20-CV-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021). Leave for alternate service requires "(1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice." *Moseley*, 525 F. Supp. 3d at 825 (quoting *Krueger v. Williams*, 300 N.W.2d 910, 916 (Mich. 1981)).

Plaintiffs have demonstrated that personal service cannot be made and that their proposed alternate method is likely to give actual notice. *See* ECF Nos. 9; 10.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Use Alternative Service, ECF No. 10, is **GRANTED**.

Further, it is **ORDERED** that Plaintiffs are **DIRECTED** to:

(1) send a copy of the TRO via USPS certified mail to TSE's new business location, TSE's old business location, and English's last-known residential address,

(2) post a copy of the TRO on the front door of TSE's new business location, TSE's old business location, and English's last-known residential address, and

(3) email a copy of the TRO to the two attorneys who had represented Defendants in prelitigation matters.

Further, it is **ORDERED** that Plaintiffs are **DIRECTED** to file a proof of each method of service with this Court **on or before July 11, 2024**. There is good cause for this extension, and it is an "appropriate period," considering the imminence of the upcoming preliminary-injunction hearing. FED. R. CIV. P. 4(m) (allowing extensions for good cause); *see also Kyles v. Cnty. of Oakland*, No. 2:22-CV-12973, 2023 WL 2307874, at *3 (E.D. Mich. Mar. 1, 2023) (granting extension based on "colorable efforts" to serve defendant).

**This order does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  7/10/2024

- 4 -